*935 OPINION.
Morris:
The petitioner herein has erroneously reported income on a calendar year basis while keeping its books of account on a fiscal year basis ended May 31. For the period June 1 to December *936 31, 1921, it reported income and paid a tax of $1,860.55; for the calendar year 1922 it reported income and paid a tax of $2,281.58. The respondent refused to accept returns on a calendar year basis and adjusted petitioner’s income to a fiscal year basis ended May 31, 1922. As a result of this adjustment respondent determined petitioner’s total tax liability for the fiscal year 1922 to be $11,970.02. He then reduced this amount by $2,281.53, representing the tax paid by petitioner for the calendar year 1922, and determined a deficiency for the fiscal year 1922 in the amount of $9,688.49.
The petitioner admits that respondent has correctly determined its total tax liability for the fiscal year, but contends that respondent should reduce the amount thereof, first, by $1,860.55, being the amount of tax reported and paid by petitioner for the seven-month period in 1921, and, second, by five-twelfths of the tax paid for the calendar year 1922, or $950.64. By this computation the petitioner arrives at the figure of $9,158.83, which it concedes to be the correct deficiency for the fiscal year 1922.
The petitioner cites as authority for its contention our decisions in Paso Robles Mercantile Co., 12 B. T. A. 750; affd., 33 Fed. (2d) 653; certiorari denied, 280 U. S. 73A; and Lowenstein Brothers Garment Co., 13 B. T. A. 446. The facts in the Paso Robles Mercantile Co. case are very similar to the facts in the instant case. In that case the petitioner kept its books on the basis of a fiscal year ended January 31, but filed returns on a calendar year basis from 1918 to 1922, inclusive. Later, amended returns were filed on the fiscal year basis from 1920 to 1922, inclusive. In the instant case the petitioner filed its return for 1921 covering income for the first seven months of its operations, and its 1922 return for the full calendar year. The stipulated facts make no mention of amended returns having been filed.
The first question decided in the Paso Robles Mercantile Co. case was that, where a taxable period falls within two calendar years, for which returns were filed, the statute does not run until the period of limitation as to both returns has expired. The other question presented in the Paso Robles Mercantile Co. case was “ the extent to which the petitioner is entitled to credit against taxes shown due on a fiscal year basis on account of taxes which were assessed on returns which were erroneously filed on a calendar year basis.” In determining this question we stated that:
In our opinion, a tax erroneously determined on a calendar year basis should be credited on the tax shown due on a fiscal year basis in proportion to the months in the respective calendar years making up the fiscal year. By this method eleven-twelfths of the tax shown on the basis of the calendar year 1920, for instance, should be credited to the fiscal year 1921, since eleven-twelfths of the calendar year 1920 is in the fiscal year 1921. (P. 754.)
*937 The respondent contends that, if the above quoted language be literally applied to the stipulated facts herein, petitioner is entitled to receive only seven-twelfths of the 1921 tax, because the first return of a corporation is considered a full year return regardless of the period for which income is reported; whereas, petitioner is contending that the full amount paid on its 1921 return should be subtracted from the total tax liability of $11,970.02. Respondent urges that the effect of the petitioner’s contention is to take our decision in the Paso Robles Mercantile Co. case one step further, since it seeks to deduct twelve-twelfths of the tax paid for 1921 while the express language of that decision limits it to seven-twelfths.
Respondent’s application of the language used in the Paso Robles Mercantile Co. case is, in our opinion, unnatural and strained. The only justification therefor is the peculiar fact that the petitioner’s first return reported income for the first seven months of its existence, rather than for a full taxable period of twelve months. It is our opinion that this fact should receive but little consideration in determining the true deficiency against petitioner. Certainly it is insufficient to justify an exception to the general rule laid down in the Paso Robles Mercantile Co. and the Lowenstein Brothers Garment Co. cases, supra. We hold, therefore, that the correct deficiency for the fiscal year, ended May 31, 1922, is $9,158.83.

Decision will be entered accordingly.